UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TONY L. WIGGINS, JR.,<br><br>    Defendant. | Case No. 8:23-cr-202-MSS-CPT<br><br>**DEFENDANT'S MOTION TO STAY PROCEEDINGS** |

Defendant Tony L. Wiggins, Jr., through counsel, moves the Court to stay this case until the resolution of his four-and-a-half-year-old death penalty case that is based on the same underlying facts. As grounds, Mr. Wiggins states the following:

On December 30, 2024, Mr. Wiggins filed a Motion to Stay Proceedings or in the Alternative Continue Trial (Doc. 99). On January 3, 2025, the Court entered an order granting the motion (Doc. 100). The order continued the trial from the January trial term to the March trial term and directed the parties to file monthly status reports. The order did not, however, explicitly address the request for a stay of proceedings. Mr. Wiggins now brings this standalone motion for a stay of proceedings, based on identical grounds to the earlier request, so the parties can have some clarity on whether the Court will allow Mr. Wiggins to pursue his death penalty case before the federal case.

On June 21, 2023, a federal grand jury returned an indictment against Mr. Wiggins. That indictment charged him with one count of possession ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On June 23, 2023, the government filed a petition for a writ of habeas corpus ad prosequendum (Doc. 5). The Court granted the petition and issued the writ the same day (Doc. 6). At the time the Court issued the writ that brought Mr. Wiggins to federal court, he had five pending state court criminal cases in Polk County. A summary of the procedural posture of each case is below:

- Case Number 2020-CF-2134: Mr. Wiggins is charged with aggravated assault with a deadly weapon and aggravated battery with a deadly weapon. The charging document was filed on March 27, 2020. He has been held without bond in this case since July 21, 2020.

- Case Number 2020-CF-5613: Mr. Wiggins is charged with possession of a firearm by a convicted felon and possession of ammunition by a convicted felon. The charging document was filed on August 7, 2020. A bond was set but none ever posted in this case.

- Case Number 2020-CF-5654: Mr. Wiggins is charged with three counts of first-degree murder, tampering with evidence, and possession of a firearm by a convicted felon. The charging document was filed on September 29, 2020. The state of Florida is seeking the death penalty in this case. Mr. Wiggins's brother (who is charged with being an accessory-after-the-fact in

connection with the murders) accepted a plea offer in which the state of Florida will recommend a five-year prison sentence only after he testifies truthfully at trial. There is no trial date currently scheduled. Numerous pretrial motions have been filed and are awaiting disposition. Mr. Wiggins has been held without bond in this case since July 23, 2020.

- Case Number 2021-CF-9729: Mr. Wiggins is charged with battery on a law enforcement officer. The charging document was filed on January 12, 2022. A bond was set but none ever posted in this case.

- Case Number 2023-CF-5242: Mr. Wiggins is charged with possession of ammunition by a convicted felon. The charging document was filed on June 27, 2023. A bond was set but none ever posted in this case.

On August 12, 2024, Mr. Wiggins filed a Motion to Suppress Evidence (Doc. 71). The Court held an evidentiary hearing on this motion on October 23, 2024. At the conclusion of the hearing, the Court inquired about the possibility of a resolution of this case short of trial. The defense then informed the Court about Mr. Wiggins's death penalty case. The Court recognized several significant issues will arise if the federal case were to go to trial first. The Court also asked the government why the interests of justice required proceeding with the federal case before the state death penalty case. At the time, the government was unable to publicly share those reasons with the Court. The Court then ordered the government to explain its reasons in writing after conferring with supervisors at

the United States Attorney's Office. On November 5, 2024, the government filed a document in response to the Court's order (Doc. 92), but wholly failed to explain why the federal case should proceed to trial first.

Mr. Wiggins's focus is of course on his death penalty case, which has been pending for over four years. There is a tremendous amount of active and pending litigation in that case. A review of the court file shows that at least eight search warrants have been issued, dozens of depositions have been taken, and several substantive pretrial motions have been filed. The defense filed several motions to suppress and a motion objecting to the application of a new state law allowing for the imposition of the death penalty with a non-unanimous jury verdict.

Since being brought to federal court three years into his death penalty case, Mr. Wiggins's preference has always been to go to trial in his death penalty case first. He even unsuccessfully attempted to be "released" to state custody (Doc. 58 and 69). Mr. Wiggins has now executed a waiver of speedy trial through the end of 2026 and is prepared to further waive speedy trial if it will allow him an opportunity to try the death penalty case before the federal case (Doc. 94). It is also important to note that it is not just Mr. Wiggins's preference that the trial of the death penalty case proceed first. According to at least one recent local media report, the homicide victims' families are incensed that the federal case is

proceeding at the expense of the death penalty case. *See* Ex. 1.[1] This suggests that the only people who have an interest in letting the federal trial go first are the prosecutors in each of the cases.

As the Court is aware from the hearing on the Motion to Suppress Evidence, the facts of this case, which involve Mr. Wiggins's alleged possession of ammunition and a firearm, are directly related to the Polk County homicide case. The ammunition Mr. Wiggins is accused of possessing is the ammunition used in the murders. The firearms Mr. Wiggins allegedly possessed were recovered in connection with a search warrant that was executed during the homicide investigation. The government has produced approximately 15,000 pages of documents and various multimedia files in discovery in this federal case. Nearly all this information relates to the murders. The result is that this case will essentially be a homicide trial.

In light of all of the above unique features of this case, Mr. Wiggins requests the Court stay the case pending resolution of the state death penalty case. A request for a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, (1936) (citation omitted). The moving party has the burden

---

[1] The article is also available at the following link: https://www.wtsp.com/article/news/local/polkcounty/rostproof-murder-victim-trial-delayed-2025/67-ab679108-2b80-476b-abb7-1f8059d37062

to justify a stay. *Id.* at 255. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000).

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. That said, a "variety of circumstances may justify a district court stay pending the resolution of a related case in another court." *Ortega Trujillo*, 221 F.3d at 1264.

There are several reasons why Mr. Wiggins would be seriously and unfairly prejudiced if the federal trial were to proceed first. First, Mr. Wiggins cannot plead guilty in this case. Doing so would require him to admit to facts that implicate him in the murders and subject him to the most severe sanction under the law. Second, Mr. Wiggins would effectively be barred from testifying in the federal case. If he decided to take the witness stand, he would be subject to cross-examination and his testimony would undoubtedly be used against him in the death penalty case. Third, Mr. Wiggins cannot secure the testimony of his younger brother, William Wiggins. The younger Mr. Wiggins has been charged since 2020 with being an accessory-after-the fact in connection with the murders.

He has been in custody for nearly that entire time. Earlier this year, William Wiggins signed a plea agreement with the state of Florida where they will recommend a sentence of five years of prison after he truthfully testifies in the death penalty case. Until that time, William Wiggins's case remains pending. The defense believes William Wiggins would testify favorably in this case about several facts and would subpoena him to testify at trial. However, he would undoubtedly invoke his Fifth Amendment right to remain silent because of his continued legal issues related to the death penalty case. Fourth, if Mr. Wiggins is convicted in the federal case, the conviction will aid the state of Florida to obtain a guilty verdict in the death penalty case. Federal convictions for the possession of firearms and ammunition could be admitted as other acts evidence pursuant to the state equivalent of Fed. R. Evid. 404(b).

Besides the significant prejudice to Mr. Wiggins, proceeding with the federal case first is a massive waste of limited resources. If Mr. Wiggins is convicted in the federal case first, there will still be a state death penalty trial. The opposite, however, is not necessarily true. In the event Mr. Wiggins is convicted of the murders and sentenced to death, it would at least be an open question as to whether the United States Attorney's Office would continue its prosecution. Additionally, depending on the ultimate sanction imposed in the state case, it is possible Mr. Wiggins could enter a guilty plea in the federal case. This could happen if, for example, he received a life sentence.

## **CERTIFICATE OF CONFERRAL**

I hereby certify that I have conferred with counsel for the United States regarding this motion on February 5, 2025. After conferral, the United States opposes the relief requested in this motion.

Dated this 12th day of February, 2025.

                                           Respectfully submitted,

                                           A. Fitzgerald Hall, Esq.
                                           Federal Defender

                                           /s/ Douglas J. Stamm
                                           Douglas J. Stamm, Esq.
                                           Florida Bar No. 0092069
                                           Assistant Federal Defender
                                           400 N. Tampa St., Suite 2700
                                           Tampa, FL 33602
                                           Telephone: (813) 228-2715
                                           Fax: (813) 228-2562
                                           douglas_stamm@fd.org

                                           Attorney for Tony L. Wiggins, Jr.

## **CERTIFICATE OF SERVICE**

I certify that on February 12, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Douglas J. Stamm
Assistant Federal Defender

# Exhibit 1

**POLK COUNTY**

# 'It's not fair': Parents of Frostproof murder victim upset trial for accused killer delayed until 2025

Brandon Rollins and two friends were killed in 2020; T.J. Wiggins's capital murder trial is on hold until his federal case is resolved.



Author: **Chris Hurst**
Published: **11:59 PM EDT August 20, 2024**
Updated: **6:54 AM EDT August 21, 2024**

FROSTPROOF, Fla. — A mother and father in Frostproof are outraged after the trial for their son's accused killer is delayed yet again, more than four years after his death.

Prosecutors say Tony "T.J." Wiggins killed Brandon Rollins and two others in 2020 over a dispute about a truck engine.

All Rollins' parents, Dottie Payton and Cyril Rollins, want is justice, after the three men were gunned down while fishing near Lake Streety. Just three days later, Wiggins, his girlfriend and his brother were all arrested; Wiggins was charged with capital murder.

Sponsored Links

**Pawn Star Pleads Guilty, Goodbye Pawn Stars**
Fans were surprised to hear this about their favorite pawn star...
PlayJunkie

While the latter two took plea deals, Wiggins was supposed to go on trial last month, but the murder case has been repeatedly delayed because of a newer federal case on gun charges for the alleged murder weapon.

"Very upset," says Cyril. "I don't know what the feds got on that boy, but they got something on him."

The federal case was filed last year, but only in the past week was the future for Payton and Rollins spelled out in court. This comes after a status hearing in the murder case that the federal case comes before the state capital murder trial, pushing possible closure into 2025 or beyond.

"It's really aggravating because this should have already been finished and over with, but it's not," Payton said. "Why didn't they go ahead and do it ahead of time? Why did they wait almost four years right before our trial was fixing to start before they took him into federal custody?"

The federal trial for Wiggins could begin in October and is expected to take about a week. His next court date for his capital murder trial isn't until late December.

"They just push me off," Rollins said. "They got to wait till the feds get done."

Both of them still want Wiggins to get the death penalty and brushed aside the thought of taking a lesser sentence if it ends the ordeal sooner.

"No," Payton said. "As long as it takes, he's going to get the death penalty. None of those boys, they didn't get a chance to say, 'Do I live or die?'"

So they'll continue waiting for the justice they say they their son deserves.

"He needs to pay for what he did," Rollins said. "He didn't just take one. He took three."

**These Never-Driven Trucks In Hammond Are Selling For Dirt Cheap**
FrequentSearches | Search Ads | Sponsored

### New SUVs Many Don't Realize Are Loaded With Luxury (Take A Look)
GoSearches | Search Ads | Sponsored

### Aaron Rodgers Reveals His New Girlfriend & You Will Easily Recognize Her.
Health Trition | Sponsored

### 2024 Senior SUV is A True Head Turner (You'll Love The Price)
TrueSearches | Search Ads | Sponsored

### Flight Attendant Reveals How To Fly Business Class For The Price of Economy
Americans, you'll want to check this out ASAP
Online Shopping Tools | Sponsored

### Pregnant woman stabbed by pizza delivery driver over $2 tip: sheriff's office
WTSP

### Hillsborough County teacher arrested on child abuse charges involving 12-year-old
WTSP

LOADING NEXT ARTICLE...